Dalbir **SINGH**, Petitioner,

v.

John **ASHCROFT**, Attorney General,* Respondent.

No. 02–72717.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.**

Decided July 30, 2003.

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Dalbir Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997). We review the BIA's adverse credibility determination for substantial evidence, *Singh v. Ashcroft*, 301 F.3d 1109, 1111 n. 2 (9th Cir.2002), and we grant the petition for review.

The BIA doubted that Singh belonged to the All India Sikh Student Federation ("AISSF") because he lacked knowledge about the AISSF's goals, about other Sikh political parties, and about the 1997 election in the Punjab.

It is impossible to tell what Singh actually knew about the AISSF's goals because his attorney asked him only two questions on the subject and Singh was never given notice that his answers were insufficient. Moreover, the record does not contain any evidence indicating what an AISSF member would know about other Sikh political parties. Without such evidence, the BIA's conclusion is based solely on speculation. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000) ("conjecture and speculation can never replace substantial evidence"). Further, the BIA did not address Singh's explanation that he knew little about the 1997 election because he had been living in the United States since 1992. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (holding that an adverse credibility finding was not supported by substantial evidence where an explanation for the discrepancy was not addressed).

The BIA also found that Singh should have known more about the goals of, Babbar Khalsa, a militant group that he was arrested for allegedly aiding and joining. Singh's lack of knowledge about the goals of Babbar Khalsa did not go to the heart of his claim because Singh did not claim to be a member of Babbar Khalsa. Rather, the police imputed membership in the organization to him. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

The BIA did not address the question of whether Singh's testimony, if found credible, would be sufficient to establish eligibility for the relief he requested. In light of *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand the question of Singh's eligibility for asylum and withholding of deportation to the BIA for proceedings consistent with this memorandum.

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.